UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
R.R. and D.R., on behalf of M.R.,

        Plaintiffs,

-against-

Scarsdale Union Free School District,

        Defendant.
----------------------------------------------------------------x

**ANSWER**

08-CV-0247 (BSJ)(FM)

      Defendant, the Board of Education of the Scarsdale Union Free School District (hereinafter the "District"), by its attorneys, Keane & Beane, P.C., as and for its Answer to the Complaint in the above-captioned action, respectfully allege as follows:

    1.    Paragraph "1" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "1" of the Complaint, the District admits that M.R. is a student, residing in the District, who is classified as Learning Disabled and who enjoys the protections of the applicable federal and state laws and regulations that flow from that designation.

    2.    The District admits the allegations set forth in paragraph "2" of the Complaint.

    3.    Paragraph "3" of the Complaint contains only legal conclusions and no factual allegations and thus no response is required.

    4.    The District admits the allegations set forth in paragraph "4" of the Complaint.

    5.    Paragraph "5" of the Complaint contains only legal conclusions and no factual allegations and thus no response is required.

    6.    Paragraph "6" of the Complaint contains only legal conclusions and no factual allegations and thus no response is required.

    7.    The District admits the allegations set forth in paragraph "7" of the Complaint.

8. The District denies the allegations set forth in paragraph "8" of the Complaint, except admits that the Windward School is a school that educates students who are learning disabled.

9. The District denies the allegations set forth in paragraph "9" of the Complaint.

10. The District denies the allegations set forth in paragraph "10" of the Complaint, except admits that Dr. McGill is a member of the Windward School's Board of Trustees.

11. The District denies the allegations set forth in paragraph "11" of the Complaint and respectfully refers the Court to the Request for an Impartial Hearing for the true and full substance, significance and intent of this document.

12. The District denies the allegations set forth in paragraph "12" of the Complaint and affirmatively states that the Plaintiffs petitioned to have the Impartial Hearing Officer removed from this proceeding due to his alleged bias, a petition that was denied by the Impartial Hearing Officer. The District further affirmatively alleges that despite the fact that the Plaintiffs had the ability to appeal that interim denial and, in fact, commenced such an appeal, the Plaintiffs failed to complete the appeal process on this ground.

13. The District denies each and every allegations contained in paragraph "13" of the Complaint and refers the Court to the transcript of the proceeding before the Impartial Hearing Officer for the true and full substance, significance and intent of the testimony cited to support these allegations.

14. The District denies the allegations contained in paragraph "14" of the Complaint.

15. Paragraph "15" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "15" of the Complaint, the District denies the allegations set forth therein,

but admit that the Impartial Hearing Officer did render a decision and respectfully refers the Court to that Decision for its true and full substance, significance and intent.

16. Paragraph "16" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "15" of the Complaint, the District denies the allegations set forth therein and respectfully refers the Court to that Decision for its true and full substance, significance and intent.

17. Paragraph "17" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "17" of the Complaint, the District denies the allegations set forth therein, but admit that the Impartial Hearing Officer did render a decision and respectfully refers the Court to that Decision for its true and full substance, significance and intent.

18. The District admits the allegations contained in paragraph "18" of the Complaint and respectfully refers the Court to the Plaintiffs' Verified Appeal to the State Review Officer and the District's Verified Cross-Appeal to the State Review Officer for those documents true and full substance, significance and intent.

19. Paragraph "19" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required.

20. The District denies having knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Paragraph "21" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "21" of the Complaint, the District denies the allegations set forth therein.

22. Paragraph "22" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "22" of the Complaint, the District denies the allegations set forth therein.

23. The District denies having knowledge of information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint, but admits that Plaintiffs did file a reply with the State Review Officer and respectfully refers the Court to that document for its true and full substance, significance and intent.

24. The District denies the allegations set forth in paragraph "24" of the Complaint, and affirmatively states that the State Review Officer did address the Plaintiffs' application on recusal and that the State Review Officer sustained the District's cross appeal on legally supported grounds. The Court is respectfully referred to the State Review Officer's decision for its true and full substance, significance and intent.

25. The District denies the allegations set forth in paragraph "25" of the Complaint, and affirmatively states that the State Review Officer did address the Plaintiffs' application on recusal. The Court is respectfully referred to the State Review Officer's decision for its true and full substance, significance and intent.

26. Paragraph "26" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "26" of the Complaint, the District denies the allegations set forth therein.

27. Paragraph "27" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required.

28. The District admits the allegations contained in paragraph "28" of the Complaint.

29. Paragraph "29" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "29" of the Complaint, the District denies the allegations set forth therein.

30. Paragraph "30" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "30" of the Complaint, the District denies the allegations set forth therein.

31. Paragraph "31" of the Complaint contains only legal conclusions and no factual allegations and thus, no response is required. If a response is deemed required to the allegations set forth in paragraph "31" of the Complaint, the District denies the allegations set forth therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. The Complaint fails to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. The Complaint should be dismissed because the State Review Officer properly determined that the Individual Educational Programs for M.R., for both the 2005-2006 and 2006-2007 school years offered M.R. a free appropriate public education as required under the Individuals with Disabilities Education Act, as amended.

**WHEREFORE,** the Defendant, the Scarsdale Union Free School District, respectfully requests that the Court enter an Order and Judgment:

(a) Dismissing the Plaintiffs' Complaint in its entirety;

(b) Affirming the Findings of Fact and Decision of the State Review Officer dated September 24, 2007;

(c) Denying any award of tuition reimbursement or partial tuition reimbursement; and

(d) Granting such other and further relief as the Court deems just and proper.

Dated:   White Plains, New York
        February 6, 2008

                KEANE & BEANE, P.C.

By:  _____
      Eric L. Gordon (EG 7301)
      Attorneys for Defendant
      445 Hamilton Avenue, 15th Floor
      White Plains, New York  10601
      (914) 946-4777