UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
R.R. and D.R. o/b/o M.R.

        Plaintiffs,

  -against-

SCARSDALE UNION FREE SCHOOL DISTRICT,

        Defendant.
------------------------------------------------------------------x

08-CV-0247 (BSJ)(FM) –ECF Case

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION

KEANE & BEANE, P.C.
Attorneys for Defendant
445 HAMILTON AVENUE, 15TH FLOOR
WHITE PLAINS, NEW YORK 10601
(914) 946-4777

1833/102/342625 V1  7/30/08

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT .................................................................................. 1

II.  ARGUMENT ............................................................................................................... 2

III. CONCLUSION ............................................................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Bettinger v. New York City Bd. of Educ.*, 2007 WL 4208560
  *4 (S.D.N.Y. Nov. 20, 2007). ...................................................................... 2

*C.B. v. New York City Dept. of Educ.* 2005 WL 1388964
  (E.D.N.Y. June 10, 2005 .......................................................................... 2

*Douglas v. First Unum Life Ins. Co*, 465 F.Supp.2d 301,
  305 (S.D.N.Y. 2006) .............................................................................. 4

*Gagliardo v. Arlington Cent. School Dist.*, 489 F.3d 105
  (2d Cir. 2007 ....................................................................................... 3

*Green v. New York City Dept. of Educ.*, 2008 WL 919609
  (S.D.N.Y. Mar. 31, 2008 ......................................................................... 4

*J.R. v. Bd. of Educ. of City of Rye School Dist.*, 345
  F.Supp.2d 386, 394 (S.D.N.Y. 2004) ........................................................ 2

*Jennifer D. ex rel. Travis D. v. New York City Dept. of
  Educ.*, 550 F.Supp.2d 420 (S.D.N.Y. 2008); ............................................. 3

*Matrejek v. Brewster Cent. School Dist.*, 471 F.Supp.2d
  415 (S.D.N.Y. 2007). .............................................................................. 4

*Perricelli v. Carmel Cent. School Dist.*, 2007 WL 465211
  (S.D.N.Y. Feb. 9, 2007); ......................................................................... 4

*Pinn v. Harrison Cent. School Dist.*, 473 F.Supp.2d 477
  (S.D.N.Y. 2007); ................................................................................... 4

*Thies v. New York City Bd. of Educ.*, 2008 WL 344728
  (S.D.N.Y. Feb. 4, 2008); ......................................................................... 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
R.R. and D.R. o/b/o M.R.

        Plaintiffs,

   -against-

SCARSDALE UNION FREE SCHOOL DISTRICT,

        Defendant.
------------------------------------------------------------------x

08-CV-0247 (BSJ)(FM) –ECF Case

# DEFENDANT'S MEMORANDUM OF LAW
# IN OPPOSITION TO PLAINTIFFS' MOTION

## I.   PRELIMINARY STATEMENT

Defendant, the Scarsdale Union Free School District (hereinafter the "District") submits this Memorandum of Law in Opposition to Plaintiffs' Motion for "modified" *de* novo review.

A review of the State Review Officer's decision pursuant to the Individuals with Disabilities Education Act (hereinafter the "IDEA") is one made by the procedures of summary judgment. The Court is to accept any non-disputed facts for the purpose of disposing of this motion; if any facts are in dispute, the Court makes a finding as to these, based upon a preponderance of the evidence. From a procedural standpoint, this proceeding is to be filed using the mechanisms of a summary judgment motion. As such, the parties have an obligation to heed the rules of this Court relating to summary judgment proceedings. Plaintiffs have not done so, as they have failed to present to the Court the required Rule 56.1 Statement, the Statement that sets their proposed set of material facts not in dispute. The District, therefore, respectfully requests that this Court strike Plaintiffs' motion and its accompanying papers.

## II. ARGUMENT

Plaintiffs appeal the determination of the New York State Review Officer (hereinafter the "SRO") which denied them tuition reimbursement, an action pursuant to the IDEA. The IDEA provides for such an appeal to the federal courts, and these appeals are disposed of, generally, through a modified summary judgment proceeding.

As this Court has described, the IDEA summary judgment proceeding is different than a "typical" summary judgment proceeding.

> An IDEA action, however, differs from an ordinary summary judgment motion because the existence of a disputed issue of material fact will not defeat the motion. Rather, "[f]ederal courts reviewing administrative determinations under the IDEA must base their decisions on 'the preponderance of the evidence,' taking into account not only the record from the administrative proceedings, but also any further evidence presented before the District Court by the parties.'

*J.R. v. Bd. of Educ. of City of Rye School Dist.*, 345 F.Supp.2d 386, 394 (S.D.N.Y. 2004) (citations omitted). *See also, Bettinger v. New York City Bd. of Educ.*, 2007 WL 4208560 *4 (S.D.N.Y. Nov. 20, 2007).

The District notes that the Eastern District of New York has recognized what it terms a "modified *de novo* review" proceeding, but such motion is to be done with "the procedural mechanism of summary judgment . . .". *C.B. v. New York City Dept. of Educ.* 2005 WL 1388964 (E.D.N.Y. June 10, 2005). In that case, which was handled by Plaintiffs' attorney, the Eastern District indicated that it would not dismiss the parents' motion for review of an SRO decision due to its failure to submit a Rule 56.1 Statement. However, it was made clear that the failure to submit a Rule 56.1 Statement was a procedural error. Plaintiffs' attorney is on notice that a statement of undisputed material facts is a necessary step in filing this type of motion. Despite this notice Plaintiffs herein have failed to satisfy this procedural requirement.

Prior to the Initial Case Management Conference before Magistrate Judge Frank Maas, the District, through its attorneys, indicated that the appeal should be disposed of through motions for summary judgment. Gordon Affidavit at ¶4. The District proposed dates for a scheduling order, which set forth dates for submission of cross-motions for summary judgment. Thereafter, the attorneys for the parties agreed to the dates to submit the cross-motions and Judge Maas asked for those dates to be set forth in writing for his endorsement. A legal intern from Plaintiffs' attorney's office did so. The legal intern indicated that the motion would be one for "modified *de novo* review" and indicated via a footnote that "these motions are not truly 'summary judgment' motions as the trial has already occurred." Gordon Affidavit at ¶6. Neither the Federal Rules, nor Local Rules, provide for the procedures of such a proceeding. More importantly, simply stating that these motions are not "truly" summary judgment motions, because there was an administrative proceeding previously held, flies in the face of the established precedent in this Circuit, whereby proceeding pursuant to the IDEA are made by summary judgment. *See, e.g., Gagliardo v. Arlington Cent. School Dist.*, 489 F.3d 105 (2d Cir. 2007); *Jennifer D. ex rel. Travis D. v. New York City Dept. of Educ.*, 550 F.Supp.2d 420 (S.D.N.Y. 2008); *Green v. New York City Dept. of Educ.*, 2008 WL 919609 (S.D.N.Y. Mar. 31, 2008); *Thies v. New York City Bd. of Educ.*, 2008 WL 344728 (S.D.N.Y. Feb. 4, 2008); *Perricelli v. Carmel Cent. School Dist.*, 2007 WL 465211 (S.D.N.Y. Feb. 9, 2007); *Pinn v. Harrison Cent. School Dist.*, 473 F.Supp.2d 477 (S.D.N.Y. 2007); *Matrejek v. Brewster Cent. School Dist.*, 471 F.Supp.2d 415 (S.D.N.Y. 2007).

When, as here, the parties are making cross-motions for summary judgment, both parties are required to follow the dictates of FRCP 56 and the Local Rule 56.1. "When deciding cross-motions for summary judgment, the standard to be applied 'is the same as that for individual

summary judgment motions and a court must consider each motion independent of the other.'" *Douglas v. First Unum Life Ins. Co,* 465 F.Supp.2d 301, 305 (S.D.N.Y. 2006) (citations omitted). Therefore, both parties were required to submit a Motion for Summary Judgment, with accompanying Rule 56.1 Statement, as specified in the rules of this Court.

Rule 56.1 of the Local Civil Rules states the following:

> (a) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

Further, the Rule provides that each statement by the movant "must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)." *Local Civ. Rule 56.1(d).* Federal Rule 56(e)(1) requires that an opposing affidavit "be made on personal knowledge" and "set out facts that would be admissible in evidence." That rule further requires that "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit."

Plaintiffs did not submit a "separate, short and concise statement" of the material facts that they contend are not in dispute. Instead, Plaintiffs' submitted an affidavit by their attorney, which contains argument and opinion. While such an affidavit could supplement a Rule 56.1 statement, it cannot stand in the place of it.

The affidavit submitted in support of Plaintiffs' motion is clearly not a statement of facts – it is Plaintiffs' argument as to the theory of the case. The affidavit submitted by Plaintiffs' attorney fails as a substitute for a Rule 56.1 Statement as it is not recitation of facts, nor is it made on personal knowledge, and nor does it contain record citations for each of its recitation. For example:

- Plaintiffs' attorney opines that the State Review Officer "arbitrarily" reversed the Impartial Hearing Officer's decision. (Paragraph "1" of the Mayerson Affidavit). This is not a fact, but an argument.

- Plaintiffs' attorney opines that the State Review Officer "fairly glossed over" the Impartial Hearing Officer's decision. (Paragraph "1" of the Mayerson Affidavit). This is not a fact, but an argument.

- Paragraph "1" of the Affidavit has no attribution to any testimony or evidence submitted to the Impartial Hearing Officer or the State Review Officer.

- Paragraph "2" of the Affidavit has no attribution to any testimony or evidence submitted to the Impartial Hearing Officer of the State Review Officer.

- Plaintiffs' attorney opines that because the Impartial Hearing Officer once represented school districts, his decision is "worthy of note." (Paragraph "3" of the Mayerson Affidavit). This is not a fact, but an argument.

- Plaintiffs' attorney opines that the private school that Plaintiffs' placed their daughter is "known nationally for its work teaching children with learning disabilities" and such statement is made without attribution to any testimony or piece of evidence. (Paragraph "4" of the Mayerson Affidavit). Further, this statement is not a fact but an opinion.

- Plaintiffs' attorney presents an argument as to what deference the State Review Officer was to give to the decision of the Impartial Hearing Officer. (Paragraph "8" of the Mayerson Affidavit).

- Plaintiffs' attorney opines that the State Review Officer "unjustly and improperly" denied Plaintiffs' of the relief requested in their Request for Due

Process. (Paragraph "8" of the Mayerson Affidavit). This is not a fact but an argument.

- Plaintiffs' attorney argues as to why the Court should reverse the decision of the State Review Officer. (Paragraph "9" of the Mayerson Affidavit).

As stated above, Plaintiffs' attorneys affidavit could be used to bolster their motion for summary judgment. However, as the only pleading accompanying their motion for review, it is improper procedurally. By setting forth opinions and arguments as the sole pleadings to their motion, the District cannot respond to such document in a manner consistent with the rules of this Court relating to Summary Judgment. It should be noted that Local Rule 56.1(c) provides that unless the statement of the movant is specifically controverted, the facts set forth in the movant's Rule 56.1 statement shall be deemed admitted. Defendant cannot controvert any statements made by Plaintiffs due to Plaintiffs' failure to comply with the rules of this Court. Accordingly, Defendant respectfully requests that this Court strike Plaintiffs' motion in its entirety.

Additionally, the District wishes to address a further procedural issue. The Plaintiffs' attorney in his affidavits makes an argument regarding the connection between the District and the private school where Plaintiffs placed their daughter which is accompanied by newspaper articles. These statements and articles cannot be relied upon by this Court. According to FRCP 56(e), the articles, which are not authored by Plaintiffs' attorney, must be accompanied by an affidavit attesting to the accuracy and authenticity of the articles and the truthfulness of the statements contained therein or a certified copy of the articles. As Plaintiffs' failed to comply with the requirements of FRCP 56(e), these articles should not be considered. Further, any

statement of Plaintiffs' attorney allegedly supported by these articles should be disregarded as not supported by any fact in evidence.

### III. CONCLUSION

Given Plaintiffs' failure to submit a motion pursuant to the rules of this Court, the District respectfully requests that the Court strike Plaintiffs' motion and solely consider the District's motion for summary judgment in this matter[1].

Dated:  White Plains, New York
        July 30, 2008

                                    KEANE & BEANE, P.C.

                              By:   _____
                                    Eric L. Gordon (ELG 7301)
                                    Attorneys for Defendant
                                    Scarsdale Union Free School District
                                    445 Hamilton Avenue, 15th Floor
                                    White Plains, New York 10601
                                    (914) 946-4777

Of Counsel:   Stephanie M. Roebuck

---

[1] The District respectfully requests that if the Court grants Plaintiff the permission to convert their attorney's affidavit into a Rule 56.1 Statement or file revised motion papers including a proper Rule 56.1 Statement of undisputed material facts, that the District be afforded the opportunity to present an opposition pursuant to Local Rule 56.1