# MAYERSON & ASSOCIATES
330 WEST 38TH STREET, SUITE 600 • NEW YORK, NEW YORK 10018
PHONE (212) 265-7200 • FAX (212) 265-1735 • EMAIL: ADMIN@MAYERSLAW.COM

**WWW.MAYERSLAW.COM**

---

July 30, 2008

**VIA HAND DELIVERY**
Honorable Barbara S. Jones, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: **R.R. and D.R. o/b/o M.R. v. Scarsdale UFSD, 08-CV-0247**

Dear Judge Jones:

As you are aware, we represent the plaintiffs-appellants in the above referenced matter.

While we understand that Your Honor's rules direct the paper to be submitted to the Court following a full briefing, we ask the Court to make a threshold ruling on the propriety of defendant's motion papers because, as explained in our response brief, defendant has improperly injected impermissible material into the reviewable record without authorization and without permission from this Court, mainly defendant's Rule 56.1 Statement, defendant's Affidavit of Dr. Michael Mendelson, and any references to such papers in defendant's memorandum of law.

Accordingly, we enclose our reply brief, and previous motion papers, and ask that this Court make a threshold determination so that the motion papers will not have to be completely redone at the end of the full briefing.

We respectfully ask the Court to consider directing defendant's counsel to resubmit proper papers that comport with the acceptable standard of review for a modified *de novo* review (See, Point I and Point II of plaintiffs-appellants' Response Memorandum of Law).

Thank you for your consideration in this matter.

Sincerely,

*s/ Gary S. Mayerson*
Gary S. Mayerson

cc:   Eric L. Gordon, Esq. and Stephanie M. Roebuck, Esq. via facsimile at (914) 946-6868

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

R.R. and D.R. o/b/o M.R.,

                             Plaintiffs-Appellants,

    --against--

                                          **08 CV 0247 (BSJ) (FM)**

SCARSDALE UNION FREE SCHOOL DISTRICT,

                                           Hon. Barbara S. Jones

                          Defendant-Appellee.

---------------------------------------------------------------

**PLAINTIFFS-APPELLANTS' REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION FOR A MODIFIED *DE NOVO* REVIEW**

                                                         Mayerson & Associates
                                                         Attorneys for Plaintiffs-Appellants
                                                         330 West 38th Street, Suite 600
                                                         New York, New York 10018
                                                         (212) 265-7200

## TABLE OF CONTENTS

TABLE OF CONTENTS………………………………………………………………..i

TABLE OF AUTHORITIES……………………………………………………………...ii

PRELIMINARY STATEMENT……………………………………………………….....1

ARGUMENT…………………………………………………………………………..2

   I. Defendant's Submissions Seek An Evidentiary "Do-Over" And Exceed The Reviewable Evidentiary Record…………………………………………………..2

      A. The Affidavit of Dr. Michael Mendelson Should Not Be Admitted Or Considered Because It Is Impermissible "Additional Evidence" In The Nature Of A "Do-Over" ……………….…………………………...2

      B. This Court Should Similarly Disregard Defendant's Rule 56.1 Statement Since It Is Neither Required Nor Even Appropriate On a Modified *De Novo* Review…………………………………………………………...............6

      C. The SRO Should Have Accorded Due Deference to the Impartial Hearing Officer's Findings of Fact………………………………………8

   II. The IHO's Prong III Findings for the 2006-2007 School Year Were on Limited Grounds……………………………………………….....................................10

CONCLUSION……………………………………………………………………..11

## TABLE OF AUTHORITIES

**Cases**

Board of Educ. v. Rowley, 458 U.S. 176 (1982)……………………………..….…3, 8

Briggs v. Board of Educ., 882 F.2d 688 (2d Cir. 1989)…………………………………...8

Burlington Sch. Comm. v. Dept. of Educ., 736 F.2d 773(1st Cir. 1984),

    471 U.S. 359 (1985)……………………………………………......…… ...3, 4

C.B. v. N.Y. City Dept. of Educ., 2005 U.S. Dist. LEXIS 15215 (E.D.N.Y. 2005)……...7

Gagliardo v. Arlington Cent. Sch. Dist., 489 F.3d 105 (2d. Cir. 2007)…………………...8

Handleman v. Board of Educ. of Penfield Cent. Sch. Dist., 2007 U.S. Dist. LEXIS 77814

    (W.D.N.Y. 2007)……….. ………………………………………….……2, 3, 4

Knable v. Bexley City Sch. Dist., 238 F.3d 755 (6th Cir. 2001)……………..…………5

Mavis v. Sobol et al., 839 F.Supp 968 (N.D.N.Y. 1993)………………………………….3

Mrs. B. v. Milford Board of Education, 103 F.3d 1114 (2d Cir. 1997)…………………...8

M.V. v. Shenendehowa Cent. Sch. Dist., 2008 U.S. Dist.

    LEXIS 182 (N.D.N.Y. 2008)...............................................................8, 9, 10, 12

Perrin v. U.S., 444 U.S. 37 (1980)……..………………………………………………….3

Roland M. v. Concord Sch. Comm. 910 F.2d 983 (1st Cir. 1990)………………......….4

S.H., o/b/o I.H. v. State Operated School District of the City of Newark, 336 F.3d 260

    (3rd Cir 2002)…………………………………………………...………....……..8

Winkelman v. Parma City Sch. District, 127 S.Ct. 1994 (2007)…………………....… 9

**Statutes**

20 U.S.C. § 1415(i)(2)(B)……………………………………………………………………2, 4

20 U.S.C. § 1415(i)(2)(C)……………………………………………………....……………6


**New York Regulations of the Commissioner of Education**

8 N.Y.C.R.R. § 200.1(ww)(3)……………………….…………………………………...…..10

8 N.Y.C.R.R. § 200.6(a)(3)…………………………....……………………………………10

8 N.Y.C.R.R. § 200.6(g)(2)……………………………………………………………...10

**PRELIMINARY STATEMENT**

This reply memorandum of law and the accompanying "without prejudice" response to defendant's Rule 56.1 Statement[1] are respectfully submitted on behalf of M.R. and her parents, R.R. and D.R.: (a) in further support of their appeal from the State Review Officer's ("SRO") September 24, 2007 Decision (Exhibit "A" to Mayerson Affidavit) rejecting the IHO's fact-findings and denying plaintiffs-appellants' Burlington/Carter claims for reimbursement in their entirety with respect to the 2005-2006 and 2006-2007 school years, and (b) in opposition to defendant-appellee's motion[2] seeking to affirm the SRO's decision.

Inexplicably, defendant-appellee, the putative *prevailing* party at the SRO stage has unilaterally, and without authority or permission, made an entirely new evidentiary submission that impermissibly has inflated and distorted the actual evidentiary record that the parties made below during a week-long trial. As the authorities hereinafter set forth demonstrate, defendant-appellee's submission is inconsistent with the applicable decisional law, and this Court should disregard or strike defendant-appellee's submission to the extent that it exceeds the actual record that was made at the administrative level.

As shown in our principal submissions, and as the authorities hereinafter set forth demonstrate, based upon the *actual* reviewable evidentiary record, this Court should give due deference to and reinstate the fact-findings of the IHO and conclude that defendant failed to offer

---

[1] As discussed *infra.*, we ask this Court to determine that defendant's Rule 56.1 Statement and the Affidavit of Dr. Michael Mendelson ("Mendelson Affidavit") are not properly part of the reviewable record. Defendant-appellee's brief, unfortunately, also contains numerous references from Dr. Mendelson's affidavit. Accordingly, as shown *infra,* all of defendant-appellee's submissions exceed the scope of the reviewable record and should be appropriately remediated by defendant-appellee or, in the alternative, stricken by this Court.
[2] Although styled by defendant-appellee as a motion for "summary judgment" (a pre-trial motion) the instant action is one for a modified *de novo* review *after* a trial. Accordingly, this motion does not require or warrant a search for "issues of fact" requiring a trial, since the trial in this proceeding—a week long trial—has already occurred and concluded.

M.R. a free and appropriate public education and that M.R. and her parents amply met the test for tuition reimbursement relief for the 2005-2006 and 2006-2007 school years.

## ARGUMENT

### POINT I

### DEFENDANT'S SUBMISSIONS SEEK AN EVIDENTIARY "DO-OVER" AND EXCEED THE REVIEWABLE EVIDENTIARY RECORD

**A. The Affidavit of Dr. Michael Mendelson Should Not Be Admitted Or Considered Because It Is Impermissible "Additional Evidence" In The Nature of A "Do-Over"**

As stated in plaintiffs-appellants' prior submissions, when a federal court reviews the findings and conclusions reached in an IDEIA-based state administrative proceeding of this type, it is mandated to base its decision on preponderance of the evidence, after reviewing the underlying administrative record and, at a party's request, proper "additional evidence" that a party has been given leave to present.[3]  20 U.S.C. § 1415 (i)(2)(B).  The IDEIA statute does not define at standard for the submission of "additional evidence," but decisional law shows that it is *limited* in scope, and not an invitation for a "do over."

Most recently, the Western District of New York, noting that the Second Circuit has not yet ruled definitively on this issue, elaborated on various neighboring circuit court approaches. Handleman v. Board of Educ. of Penfield Cent. Sch. Dist., 2007 U.S. Dist. LEXIS 77814 (W.D.N.Y. 2007).

The Handleman court explained that "in short, the general consensus [of the surrounding Circuit Courts] is that the IDEA's 'additional evidence' provision is *limited*… the decision of

---

[3] Defendant-appellee never bothered to ask this Court for permission to interpose the Affidavit of Dr. Michael Mendelson, based upon the requisite showing of justification.  Defendant-appellant simply *took* that liberty.  Dr. Mendelson was one of defendant-appellee's main witnesses, and he testified at length during the course of a week-long trial.  The last thing that defendant-appellee should be allowed to do is interpose *any* new affidavit from Dr. Mendelson, much less an affidavit of the scope and length defendant-appellee is attempting to submit.  The same is true as to defendant-appellee's errant 56.1 statement, which is entirely unnecessary and unwarranted on a modified *de novo* review of a trial (and trial record) that has already concluded.

2

whether to allow additional evidence is discretionary with the district court." Id. at *10 (emphasis added); see, Mavis v. Sobol et al., 839 F.Supp 968, 979 (N.D.N.Y. 1993); citing, Town of Burlington v. Dept. of Educ.[4], 736 F.2d 773, 790 (1st Cir. 1984) (stating, "additional evidence" clearly is available to "fill in the gaps" of the administrative record due to, "mechanical failure, unavailability of a witness,[5] an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing").

Insofar as the so-called additional evidence sought to be admitted by defendant would distort or at the very least impermissibly "embellish" testimony *already* given at the trial, such evidence should not be admitted either in the form of Dr. Mendelson's Affidavit, defendant's Rule 56.1 Statement, or defendant's memorandum of law, to the extent that defendant's brief incorporates the Mendelson Affidavit and defendant's Rule 56.1 Statement by reference.

Additional evidence should not be admitted if it would be "duplicative, confusing, and prejudicial" to receive it at the district court level. Handleman at *13; see also, Knable v. Bexley City Sch. Dist., 238 F.3d 755, 771 (6th Cir. 2001) (holding that, in an IDEIA case, the district court properly refused to allow into evidence the deposition testimony of a psychologist largely because the psychologist's evaluation and testimony were "duplicative of the evidence presented [at the IHO hearing]").[6]

---

[4] Id. at 790, "we construe "additional" in the ordinary sense of the word, Perrin v. U.S., 444 U.S. 37, 42 (1980), to mean supplemental. Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of "additional." We are fortified in this interpretation because it structurally assists in giving due weight to the administrative proceeding…" See also, Board of Educ. v. Rowley, 458 U.S. 176, 206 (1982).
[5] Dr. Mendelson, a Scarsdale administrator who testified at length during the trial, hardly could qualify as an "unavailable witness."
[6] Deposition testimony is at least subject to cross-examination. Here, defendant-appellee is trying to put in the affidavit of Dr. Mendelson so that this new "testimony" will not become the subject of cross-examination. If after-the-trial deposition testimony should be excluded, an after the trial affidavit certainly should be excluded.

Handleman is an IDEIA case that properly excluded the after-the-fact testimony of two witnesses (a licensed social worker and a school psychologist) because they (just like Dr. Mendelson) either did testify or had a chance to testify at the administrative hearing. Handleman at *15. The Handleman Court reasoned that allowing the testimony of the witnesses would be contrary to the Congressional intent of IDEA and reduce the administrative proceedings to a, "mere dress rehearsal by allowing appellants to transform the Act's judicial review mechanism into an unrestricted trial de novo" (citing, Roland M. v. Concord Sch. Comm. 910 F.2d 983, 997 (1st Cir. 1990). The week long trial that the parties slogged through here should not be treated as a dress rehearsal. The parties made a substantial record that is more than adequate for this Court's independent, modified *de novo* review.

A party seeking to enter "additional evidence" cannot do so unilaterally, as defendant does here. A party must first make a proper request to the Court. 20 U.S.C. § 1415 (i)(2)(B). When submitting such evidence, the moving party needs to provide a "particularized and compelling justification for doing so." Handleman, 2007 U.S. Dist. LEXIS at *13; see also, Burlington, 736 F.2d at 791.

The Handleman Court cautioned that "a court should receive additional evidence at the judicial review stage of an IDEA proceeding *only if* the movant provides a particularized and compelling justification[7] for doing so." Id. at *14 (emphasis added). Defendant made no such showing. Defendant did not seek permission to interpose this new material. Defendant simply assumes on this motion that this Court is going to receive, admit, and consider this new material.

---

[7] "This showing should include an explanation both as to why the evidence was not presented at the administrative level and why it is probative of the issues before the court…while the proponent need not provide a verbatim recitation of the supplemental evidence, it must provide the court with a synopsis sufficient to determine its relevance." Id. at *13-14. We respectfully submit that defendant-appellee cannot meet this standard, which may explain why defendant-appellee never asked this Court for permission in the first place.

4

The IHO found that defendant-appellee did not play by the rules in offering M.R. a FAPE. We are asking this Court to similarly rule that defendant-appellee is failing to play by the rules in its unilateral submission of Dr. Mendelson's affidavit and a Rule 56.1 statement in the guise of demonstrating that there are no issues of fact remaining for trial (an issue that is academic and moot as the trial already took place).

The Affidavit of Dr. Michael Mendelson was not included as an exhibit in the original record, and Dr. Mendelson already testified at length during a week-long trial and was subject to cross-examination. Just like in Handleman and Knable, Dr. Mendelson was afforded an opportunity and did in fact testify under oath at the original administrative hearing. Knable v. Bexley City Sch. Dist., 238 F.3d 755 (6th Cir. 2001). Any further testimony or contributions on his behalf are duplicative, confusing and prejudicial.

Defendant-appellee's attempt to inject Dr. Mendelson's recent affidavit is not only impermissible, it also underscores why the IHO necessarily rejected Dr. Mendelson's testimony at trial going to Prongs I and II. As shown in plaintiffs-appellants' previous submission, when answering questions posed by M.R.'s counsel, Dr. Mendelson inexplicably and repeatedly began to experience serious short term and long term memory loss. (Tr. p. 252, ln. 14); (Tr. p. 258, ln. 14); (Tr. p. 264, ln. 23); (Tr. p. 266, ln. 8); (Tr. p. 266, ln. 9); (Tr. p. 266, ln. 12); (Tr. p. 266, ln. 24); (Tr. p. 267, ln. 2); (Tr. p. 268, ln. 3); (Tr. p. 318, ln. 11); (Tr. p. 335, ln. 24); (Tr. p. 336, ln. 18); (Tr. p. 337, ln. 16); (Tr. p. 349, ln. 4); (Tr. p. 349, ln. 15); (Tr. p. 369, ln. 16); (Tr. p. 371, ln. 15); (Tr. p. 372, ln. 13); (Tr. p. 372, ln. 22); (Tr. p. 372, ln. 23); (Tr. p. 402; ln. 14); (Tr. p. 408; ln. 12); (Tr. p. 408; ln. 24); (Tr. p. 433, ln. 18); (Tr. p. 449, ln. 1); (Tr. p. 449, ln. 3); (Tr. p. 455, ln. 14); (Tr. p. 462, ln. 2); (Tr. p. 463, ln. 6); (Tr. p. 467, ln. 13); (Tr. p. 477, ln. 18); (Tr. p. 478, ln. 18); (Tr. p. 479, ln. 16); (Tr. p. 489, ln. 11-13); (Tr. p. 505, ln. 5); (Tr. p. 505, ln. 15); (Tr. p.

590, ln. 15); (Tr. p. 628, ln. 13); (Tr. p. 628, ln.15); (Tr. p. 631, ln.1); (Tr. p. 637, ln. 22); (Tr. 638, ln. 6), (Tr. 649, ln. 3), (Tr. ln. 649, ln.12), (Tr. p. 652, ln.7 ); (Tr. 655, ln.15 ); (Tr. 693, ln. 2); (Tr. 693, ln. 21); (Tr. P.694, ln. 10); (Tr. 717, ln. 22); (Tr. 718 ln. 3).

Only now, long after the trial before the IHO, and long after the SRO appeal, does Dr. Mendelson conveniently "find his voice." To allow this after-the-fact infusion and "spin control" would allow defendant-appellee (ironically, the winner at the SRO level) an unwarranted after-the-fact "do-over" and convert this action into a *de novo* trial, which is violative of the applicable "modified *de novo* review" standard of review. It also would deprive plaintiffs-appellants of their fundamental right of cross-examination.

Accordingly, Dr. Mendelson's affidavit should be rejected and returned to defendant's counsel as procedurally impermissible and untimely record-making that is contrary to the Congressional intent of IDEIA and applicable district court decisions. This Court should do the same in connection with defendant's "Rule 56.1 Statement" and memorandum of law, also containing numerous references to Dr. Mendelson's errant and impermissible affidavit.

**B. This Court Should Similarly Disregard Defendant's A Rule 56.1 Statement Since It Is Neither Required Nor Even Appropriate On a Modified De Novo Review**

In an IDEIA-based action of this type, the statute is clear that this Court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). We submit that the limitations of "additional evidence" cannot be circumvented or evaded by the submission of a Rule 56.1 filing that is neither required nor appropriate. There is no need to be searching for issues of fact requiring a trial where, as here, there already was a trial, the IHO made detailed fact findings, and the SRO was required to give due weight and deference to such fact-findings.

Although defendant-appellee has unilaterally submitted a "Defendant-Appellee's Local Rule 56.1 Statement of Undisputed Facts" ("Rule 56.1 Statement"), defendant-appellee has not cited to any authority, controlling or otherwise, holding that a Rule 56.1 statement is required, or even appropriate on an IDEIA modified *de novo* appeal, where the trial has already taken place and where the fact-finding has already taken place. It is plaintiffs-appellants' contention that no such requirement exists. C.B. v. N.Y. City Dept. of Educ., 2005 U.S. Dist. LEXIS 15215 (E.D.N.Y. 2005).

The parties' motions certainly are in the *nature* of summary judgment motions, inasmuch as they seek dispositive relief, but they are not truly summary judgment motions that are made *prior* to trial to determine whether or not there are any genuine issues of material fact remaining to be tried. The instant motions are being made *after* a week-long trial, after the development of an extensive evidentiary record, and after two administrative determinations, the first of which (the IHO's Decision) was almost entirely in plaintiffs-appellants' favor.

Plaintiffs-appellants are confident that this Court will direct its attention to the actual evidentiary record made at the trial to adjudicate the core, legal issues that need to be decided. Otherwise, defendant is allowed an impermissible "do-over" and M.R. will be deprived of due process. In this connection, the statute requires a review of the *entire* underlying administrative evidentiary record, including the hearing transcripts, in their entirety.

Nevertheless, plaintiffs-appellants, under protest and on a "without prejudice" basis, have provided a response to defendant-appellee's Rule 56.1 Statement. Consistent with plaintiffs-appellants' position to defendant's Rule 56.1 Statement, we ask that this Court also not consider plaintiffs-appellants' 56.1 Response.

**C. The SRO Should Have Accorded Due Deference to the Impartial Hearing Officer's Findings of Fact**

The district court may exercise jurisdiction over IDEIA cases pursuant to 20 U.S.C. § 1415. A court's authority to review state administrative decisions regarding special education is limited, however, because courts are required to give "due weight" to state administrative proceedings. Rowley, 458 U.S. at 206; Briggs, 882 F.2d at 693 ("deference is owed to state and local agencies having expertise in the formulation of educational programs for the handicapped").

The Second Circuit, in Gagliardo v. Arlington Central School District (489 F.3d 105 (2d. Cir. 2007)), held that the district court should engage in an *independent* review of the administrative record and make a determination based on a "preponderance of the evidence," quoting Mrs. B. v. Milford Bd. of Educ., 103 F.3d 1114, 1120 (2d Cir. 1997). Factual findings from the administrative proceedings, therefore, must be considered *prima facie* correct. S.H., o/b/o I.H. v. State Operated School District of the City of Newark, 336 F.3d 260 (3rd Cir 2002). We therefore ask that this Court give appropriate deference to the IHO's fact findings. In essence, this Court should reinstate the *fact* findings of the IHO.[8]

As shown in plaintiffs-appellants' previous submissions, federal courts have previously reversed the SRO where, as here, the SRO has failed to give appropriate due deference and weight to the fact-findings of the IHO. M.V. v. Shenendehowa CSD, 2008 U.S. Dist. LEXIS 182 (N.D.N.Y. 2008) ("The Court is more convinced by the credibility determinations and reasoning of the IHO than those of the SRO."). Here, just as in M.V. v. Shenendehowa, the SRO failed to give due deference to the IHO's fact findings as to Prong I, etc. The SRO improperly and impermissibly substituted his own findings of fact.

---

[8] As to the IHO, it is only his *legal conclusion* as to Prong III on the 2006-2007 school year that we dispute on appeal.

In the present case, the IHO—(a hearing officer who had headed up his law firm's practice section representing *school districts* in IDEA cases) found that Scarsdale failed to provide a FAPE to M.R. in the 2005-2006 *and* 2006-2007 school years. The IHO correctly held, based upon a compelling record, credibility assessments and Scarsdale's own *admissions*, that there were a variety of procedural <u>and</u> substantive violations and FAPE deprivations sufficient to establish Prong I and Prong II in favor of M.R. and her parents for the 2005-2006 and 2006-2007 school years.

As in the <u>M.V. v. Shenendehowa</u> case, only the IHO (not the SRO) had the opportunity to assess and weigh witness demeanor and credibility, and any conflicts or distortions in the testimony given by Scarsdale's witnesses. The IHO necessarily rejected Dr. Mendelson's testimony and position to Prong I. The SRO never attended the hearing and was in no position to assess or adjudicate, such issues. Here, as documented in plaintffs-appellants' prior submissions, the IHO correctly concluded after a week long trial that:

- The June 14, 2005 CSE meeting was improperly constituted and violated the parents' procedural rights under Article 89 of the Education Law and 8 N.Y.C.R.R. §200.3(a)(1)(vii) for failure to have a parent member present resulting in the IEP as a nullity (IHO Decision at 25; <u>see also</u>, Tr. pp. 58-59, 263-66, 267, 1055-1056, 1074, 1101-1397) (*See also* <u>Winkelman v. Parma City Sch. District,</u> 127 S.Ct. 1994 (2007) (parents have their own independent statutory entitlements under IDEA);

- Scarsdale engaged in ***impermissible predetermination*** of the goals and objectives for the 2005-2006 IEP (IHO Decision at 28; <u>see also,</u> Tr. pp. 215-216, 225, 1055, 1056, 1083-84, 919, P-20, 1049-1050, 1106, 1074, 1397, 1245, 1766-1770, 1737, 1768, 837-839);

- Scarsdale's IEP expressly *misstates* that M.R.'s parents "expressed" their agreement with Scarsdale's IEP recommendations. (IHO Decision at 41; <u>see also,</u> Tr. pp. 1654, 1664-65).

- Scarsdale staff *mistreated* M.R., eroding her confidence and self-esteem. (IHO Decision at 12, 16; Tr. pp. 1042, 1045, 1117).

9

- Scarsdale personnel caused M.R. to *deteriorate* in her performance by inducing her parents to terminate outside tutoring support that M.R.'s parents were paying for privately, and which M.R. needed while she was still in the Scarsdale program. (IHO Decision at 9-11; see also, Tr. pp. 1028-29);

- ***M.R. was not making overall good and meaningful progress in Scarsdale's program***, which for years involved ***Scarsdale largely regurgitating and repeating stale and otherwise inappropriate IEP goals and objectives that, for the most part, were not objectively measurable.*** Scarsdale allowed this situation to continue and failed to take appropriate remedial steps. (IHO Decision; see also, Tr. pp. 28-30, 35, 143-46, 154, 430, 678, 898, 953, 1581, 1678, 1663)

- There was a significant decrease in M.R.'s progress in fourth grade and by June 14, 2006, she was not an appropriate fit for Scarsdale's proposed classroom placement, mainly for failure to provide adequate classroom support (IHO Decision at 30; see also, Tr. pp. 794, 796, 927, 1053-54, 1397, 1555) see also, 8 N.Y.C.R.R. § 200.6(a) (3) and (g) (2); 8 N.Y.C.R.R. § 200.1 (ww) (3); and

- The 2005-2006 and 2006-2007 IEP goals were "fatally deficient" and deprived M.R. of FAPE (IHO Decision at 31, 37).

The SRO owed the IHO due deference as to the IHO's fact-findings. It clearly was error for the SRO, who never saw a single witness, to disturb the IHO's core fact findings by arbitrarily substituting his own. M.V. v. Shenendehowa CSD, *supra*. Similarly, we ask this Court to give due deference to the IHO as the fact finder.

This Court is asked to consider questions of law – not to determine whether or not there are triable issues of fact, *i.e.* a summary judgment review. The facts have already been "tried" during a 5 day hearing (trial) before an impartial hearing officer.

## POINT II

### THE IHO'S PRONG III FINDINGS FOR THE 2006-2007 SCHOOL YEAR WERE ON LIMITED GROUNDS

The IHO's Prong III ruling as to the 2006-2007 school year claim was *limited* to plaintiffs-appellants' litigation *position* during the hearing. During the impartial hearing, plaintiffs-appellants' thought it inappropriate that defendant-appellee was seeking yet another

10

Windward observation. Plaintiffs-appellants thought it reasonable to take this position, while putting the issue to the IHO so as to seek direction from the IHO, and give the IHO the opportunity to rule otherwise. Plaintiffs-appellants' forthright position at the hearing was the sole basis of that portion of the IHO's decision holding that despite Prong I and Prong II evidence in plaintiffs-appellant's favor, equitable circumstances precluded any reimbursement award for the 2006-2007 school year.

Even the SRO did not go beyond the IHO's limited findings as to Prong III. Now, however, on this motion, defendant-appellee is referring to all kinds of *other* alleged events in an effort to get this Court to adjudicate *additional* instances of Prong III inequitable conduct.

Neither the IHO nor the SRO were at all impressed by such evidence at the trial, and therefore, this Court should be similarly unimpressed. Rather, this Court, giving due deference to the IHO's *fact* findings, should rule that, as a matter of law and statute, the IHO should not have sanctioned plaintiffs-appellants at all (on their 2006-2007 claim) for taking a reasonable position during the hearing, and putting the issue of a *second* Windward observation to the IHO for a directive that plaintiffs-appellants had undertaken to follow. This Court should also give due deference to and reinstate *all* of the IHO's findings as to the 2005-2006 school year hearing.

## CONCLUSION

It is respectfully requested that this Court should grant plaintiffs-appellants' motion for a modified *de novo* review and reinstate all of the IHO's *fact*-findings. The record amply supports the IHO's findings and conclusions of law that, for both the 2005-2006 and 2006-2007 school years, Scarsdale deprived M.R. of a FAPE on Prong I and that Windward, M.R.'s private placement, is both appropriate and reimbursable for Prong II purposes. This Court should rule that the SRO improperly glossed over and failed to give appropriate weight and deference to the

IHO's fact findings and credibility determinations.  M.V. v. Shenendehowa Cent. Sch. Dist., 2008 U.S. Dist. LEXIS 182 (N.D.N.Y. 2008).

The IHO, on the other hand, ruled properly in all respects, except for his erroneous legal conclusion that M.R.'s parents had engaged in "inequitable conduct" during the hearing sufficient to invoke a 100% Prong III preclusion sanction for 2006-2007.

Accordingly, we respectfully request that this Court:

(a) reverse, as erroneous and contrary to law, the SRO's Decision;

(b) reinstate the IHO's decision as to the 2005-2006 and 2006-2007 school years, except as to the IHO's erroneous conclusion of law regarding the ostensible application of Prong III "equitable circumstances" to preclude the tuition reimbursement award that the IHO would have otherwise rendered for the 2006-2007 school year;

(c) declare that plaintiffs adequately met all three of the recognized prongs for tuition reimbursement relief for both the 2005-2006 and 2006-2007 school years;

(d) order that the defendant reimburse M.R. and her parents for the Windward tuition for the 2005-2006 and 2006-2007 school years;

(e) declare M.R. and her parents to be the "substantially prevailing party" (for purposes of IDEA's fee shifting provision);

(f) grant leave to plaintiffs to submit a fee application pursuant to the IDEA statute's fee-shifting provision; and

(g) grant plaintiffs such other, further and different relief as the Court may determine to be just pursuant to 20 U.S.C. Sec. 1415.

Dated: July 30, 2008
New York, New York

*s/ Gary S. Mayerson*
GARY S. MAYERSON (GSM 8413)
Mayerson & Associates
*Attorneys for Plaintiffs-Appellants*
330 West 38th Street, Suite 600
New York, New York 10018
(212) 265-7200
(212) 265-1735 (fax)