**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------

R.R. and D.R. o/b/o M.R.,                    **PLAINTIFFS-APPELLANTS'**
                                             **RESPONSE TO DEFENDANT-**
                                             **APPELLEE'S "RULE 56.1**
                                             **STATEMENT**

                 Plaintiffs-Appellants


        --against--
                                              **08 CV 0247 (BSJ) (FM)**

SCARSDALE UNION FREE SCHOOL DISTRICT,
                                             Hon. Barbara S. Jones

                 Defendant-Appellee.


----------------------------------------------------------------


 On a without prejudice basis, plaintiffs-appellants, R.R. and D.R., o/b/o M.R.,

submit this response to defendant-appellee's "Local Rule 56.1 Statement," contending

that "there are no genuine issues to be tried as to the following material facts."

**Plaintiffs-Appellants' Objections**
**To Any "Rule 56.1 Statement" Being**
**Considered By This Court As Part**
**Of the Reviewable Record As Per**
**20 U.S.C. Section 1415 ("IDEA")**

        This is not a garden variety "summary judgment" motion or action where the

scope of this Court's review is to review 56.1 statements to determine whether or not

there are any genuine issues of fact to be tried.  The parties already have had a trial, and

that trial consumed a week of trial dates.

        As set forth in plaintiffs-appellants' motion papers, this action presents a modified

*de novo* review of administrative decisions that were rendered after a week long trial.

That trial ended predominantly in plaintiffs-appellant's favor, with extensive fact findings

made by a hearing officer whose prior history was being a partner in charge of his law

firm's section representing *school districts* in cases such as this one.

        This appeal was necessitated because the State Review Officer failed to give the

requisite due weight and deference to the IHO's fact findings, and essentially substituted

his own. For each of the school years in question, the IHO had concluded that defendant

Scarsdale had failed to offer plaintiff M.R. a free and appropriate public education, and

that for both school years, the Windward School was appropriate and reimbursable under

Prong II.

        20 U.S.C. § 1415 provides that in an action of this type, the scope of this Court's

review is to review all of the underlying evidentiary record made at the administrative

level, together with any "additional evidence."  Despite the statutory language, courts

sitting in the Second Circuit have made clear that the opportunity for additional evidence

is quite limited, and is not an invitation for a party to now make the record that such party

failed to make below.

        Defendant-appellee's Rule 56.1 statement is based largely on a new, June 27,

2008 affidavit that defendant-appellee is submitting from its principal administrator, Dr.

Michael Mendelson.  As a matter of law, Dr. Mendelson's affidavit—an affidavit

prepared *after* the trial and even after the proceedings before the SRO, is not part of the

evidentiary record and it also is not proper "additional evidence" within the decisional

authorities rendered within the Second Circuit. Unlike Dr. Mendelson's testimony at trial,

which was subject to the fundamental right of cross-examination, Dr. Mendelson says

what he pleases in his new affidavit, regardless of what the record reflects.[1] Defendant-appellee simply presumes, without having even asked for this Court's permission, that it may file Dr. Mendelson's new affidavit and have it made part of the record.

We have already been to trial and back. The standard of review on a modified *de novo* review is not whether or not there are any genuine issues of fact requiring a trial, but rather whether the Court, upon its independent review, concludes that the underlying administrative decision(s) should be reversed or affirmed. In this connection, we are asking this Court to reinstate all of the IHO's fact findings.  We also are asking this Court to reinstate all of the IHO's conclusions of law, except his erroneous conclusion of law as to Prong III (equitable circumstances) pertaining to the second school year.

While we respond to the 56.1 Statement, we do so under protest, and solely in an abundance of caution, as we do not wish to risk even the charge that we have failed to comply with the rules, or done anything to show disrespect this Court's processes. Accordingly, we ask this Court to disregard Dr. Mendelson's June 27, 2008 affidavit, defendant-appellee's Rule 56.1 Statement, and plaintiffs-appellants' instant response.

1.  As to paragraph 1, deny that any response is required as to Dr. Mendelson's affidavit, and respectfully refers the attention of the Court to the full IDEA statute, the applicable regulations, and the applicable decisional law.

2.  As to paragraph 2, admit that plaintiffs-appellants are appealing from the SRO's decision as erroneous, and as failing to give appropriate deference and weight to the fact findings and conclusions of law of the Impartial Hearing Officer who had actually heard and seen the witnesses during a week long trial.

---

[1] This is problematic because, as we demonstrated in our moving papers, Dr. Mendelson suffered repeated memory lapses when he was examined at trial. [CITES] It is manifestly unfair to plaintiffs-appellants to have no right to cross-examine Dr. Mendelson now that his memory has "returned."

3.  As to paragraph 3, admit the allegations but aver that the SRO failed to give deference to the IHO, who had concluded that for both school years in question, defendant-appellee Scarsdale had failed to provide M.R. with a free and appropriate public education ("FAPE").

4.  Deny the allegations set forth at paragraph 4.

5.  As to the allegations set forth at paragraph 5, deny that the SRO was entitled or warranted in ignoring and reversing the findings of the IHO.

6.  Admit the allegations of paragraph 6, but deny that any response to Dr. Mendelson's affidavit is required.

7.  Admit the allegations set forth at paragraph 7, but aver that defendant-appellee's own witnesses testified as to Windward's appropriateness for purposes of Prong II of the Burlington-Carter test for reimbursement and further aver that, as a matter of law, and as the IHO correctly held, formal state approval is not a prerequisite of tuition reimbursement in a case of this type.

8.  Admit the allegations set forth at paragraph 8, but deny that any response to Dr. Mendelson's affidavit is required.

9.  In response to the allegations set forth at paragraphs 9, 10, 11, 12, and 13, plaintiffs-appellants respectfully refer this Court to the full evidentiary record as to M.R.'s assessments and testing, and aver that defendant-appellee has selectively picked from the testing so as to present a distorted and incomplete profile of M.R.

10. Admit the selective allegations of paragraph 13, but refer this Court to the full evidentiary record and deny that any response to Dr. Mendelson's affidavit is required.[2]

---

[2] For the balance of this response, to save space and time, we raise for each and every allegation the objection that no response to Dr. Mendelson's affidavit is required.

11.  Admit the allegations set forth at paragraph 14, but refer the Court to the full evidentiary record.

12.  Deny the allegations set forth at paragraphs 15, 16 and 17 as erroneous or inadequate, and refer the Court to the full evidentiary record.  Furthermore, despite references on page 4 of the District's Memorandum of Law and paragraph 15 of Dr. Mendelson's affidavit, the actual dates that Dr. Bell started testing M.R. were in May 2005, not March 16, 2005.  In fact, Exhibit 23, the very exhibit that the District cites in its Memorandum of Law, confirms that M.R. was indeed tested on three separate dates in May 2005.

13. Admit the selective allegations set forth at paragraph 18 to the extent that they admit that M.R. was "struggling," but deny that M.R. was making meaningful and acceptable progress, and refer the Court to the full record as to the extent of the problem that defendant had caused.

14. Deny the allegations set forth at paragraph 19.

15. Deny that the selective allegations of paragraph 20 accurately reflect the record, and refer the Court to the full record.

16. In response to the allegations set forth at paragraph 21, refer the Court to the full record.

17. Admit the allegations set forth at paragraphs 22, but deny that there is anything improper where, as here, a parent whose child is "struggling" explores additional or different educational options.  Moreover, although the IHO made certain Prong III findings as to the second school year, he never identified these allegations as being at all problematic on Prong III.

18. Admit the allegations set forth at paragraph 23, but deny that there is anything wrong with parents paying for private evaluations, and aver that the IHO did not find any such evidence to be problematic on Prong III.

19. Admit the allegations of paragraph 24.

20. In response to the allegations set forth at paragraph 25, respectfully refer this Court to the full record and testimony of the witnesses, and to the IHO's limited fact findings as to Prong III.

21. In response to the allegations set forth at paragraphs 26, 27, 28, and 29 and refer to the full record and testimony as to Dr. Bell's testing, and aver that defendant is not focusing on the whole picture. Furthermore, acknowledge that despite references on page 4 of the District's Memorandum of Law and paragraph 15 of Dr. Mendelson's affidavit, the actual dates that Dr. Bell started testing M.R. were in May 2005, not March 16, 2005. In fact, the District cites to Exhibit 23 in its Memorandum of Law, a document which confirms that M.R. was indeed tested on three separate dates in May 2005.

22. In response to the allegations set forth at paragraph 30, refer the Court to the full record and aver that after repeated findings for two consecutive school years that defendant had failed to provide M.R. with a FAPE, it is disappointing that defendant would attempt to blame M.R.'s parents for any of M.R.'s "struggles." M.R.'s parents were entitled to expect more from the Scarsdale school system.

23. Admit the allegations set forth at paragraph 31, and aver that such recommendations were not properly implemented within the Scarsdale school system, but could be implemented, and were implemented, at Windward.

24. Deny the allegations set forth at paragraph 32 and refer the Court to the full record i.e. the record made at the administrative level.

25. Admit the allegations set forth at paragraph 32, but refer the Court to the full evidentiary record.

26. In response to the allegations set forth at paragraph 34, refer to the full evidentiary record and testimony.

27. In response to the allegations set forth at paragraphs 35 and 36, deny that such allegations tell the full extent of the problem, and refer the Court to the full evidentiary record made at the administrative level.

28. Aver that paragraph 37 unfairly distorts the record, and refer the Court to the full record, and aver that the problem was *not* that the Scarsdale program was "not optimal," but that it failed to provide M.R. with a FAPE and the IHO so held, and for two consecutive school years no less.  Plaintiffs-appellants had bent over backwards trying to maintain M.R. in the Scarsdale schools.

29. Deny the allegations set forth at paragraph 38, as simplistically pleaded, and refer the Court to the full record for its review.

30. Deny the allegations set forth at paragraph 39 as pleaded, and refer the Court to the full record for its review.

31. Admit the allegations set forth at paragraphs 40 and 41, but nevertheless refer the Court to the full record.

32. In response to the selective allegations set forth at paragraphs 42 and 43, refer the Court to the full record and testing for its import, including sworn testimony.

33. Admit the allegations set forth at paragraph 44.

34. In response to the allegations set forth at paragraph 45, aver that the IDEA statute has a two year statute of limitations and that plaintiffs-appellants filed their request for an impartial hearing well within the statutory limitations.

35. In response to the allegations set forth at paragraph 46, admits that Dr. Kutin-Senzon, a district psychologist, observed M.R. at her 2005-2006 Windward program in January of 2006, with the consent and cooperation of plaintiffs-appellants.

36. Admit the allegations set forth at paragraph 47, but refer the Court to the full record.

37. Admit the selective allegations set forth at paragraphs 48, 49, 50, and 51 but refer the Court to the full record.

38. Deny that the selective allegations of paragraph 52 represented FAPE, and aver that the IHO held that they did not, for reasons set forth in the IHO's Decision, and in the full record made at the administrative level.

39. Deny the allegations set forth at paragraph 53, and aver that such allegations are not properly part of the reviewable evidentiary record.

40. Deny the selective allegations of paragraph 54 and refer to the full record made at the administrative level, and aver that such allegations, in the main, are not properly part of the reviewable record.

41. In response to the allegations set forth at paragraph 55, refer the Court to the full record made at the administrative level.

42. In response to the allegations set forth at paragraph 56, denies having knowledge or information sufficient to form a belief as to the precise date that the 2006-2007 IEP was mailed to plaintiffs-appellants.

43. Admit the allegations set forth at paragraph 57.

44. In response to the allegations set forth at paragraph 58 and 59, repeat their responses to paragraphs 44 and 45 and aver that such allegations are moot and academic, and irrelevant, and played no part in the IHO's fact findings as to any issue.

45. In response to the allegations set forth at paragraph 60, aver that the June 22, 2006 filing was within the two year statute of limitations as to the 2005-2006 school year issues, and that it was positive and efficient for plaintiffs-appellants to foster judicial economy by dealing with two school years in a single hearing.

46. Admit the allegations set forth at paragraph 61, to the extent that they aver that Scarsdale picked and compensated the IHO who was assigned to preside over M.R.'s due process hearing.

47. Deny the allegations set forth at paragraph 62, but aver that such allegations were rendered moot by plaintiffs-appellant's amended filing dated August 9, 2006.

48. Admit that plaintiffs-appellants moved to recuse the IHO by reason of (a) the fact that he had disclosed his prior work history heading up his law firm's section representing school districts in IDEA hearings and (b) the further fact that the IHO had been quoted by the Buffalo, New York news media as saying highly unflattering things about parents and their attorneys. The foregoing gave plaintiffs-appellants and their counsel serious concern that the IHO was not impartial and that he would be expected to rule for school districts and not give plaintiffs-appellants' hearing the impartial attention that it deserved.

49. Admit the allegations set forth at paragraph 65, and aver that the IHO proved that he was entirely fair and impartial, despite the fact that he erred as a matter of law in respect to his Prong III findings for the 2005-2006 school year claims.

50. Admit the allegations set forth at paragraph 66, and further admit that since plaintiffs' counsel has so little experience asking for the recusal of the IHO, plaintiffs' counsel was ignorant and unaware that there was no interlocutory right of appeal until after plaintiffs-appellants noticed their intention to appeal.

51. In response to the allegations set forth at paragraph 67, aver that if it is true (as defendant avers at paragraph 66) that "interlocutory appeals are reserved for matters of pendency placements," then defendant's counsel should have known that there was no need to prepared a record on appeal of certification, and further aver that the record was tiny at that stage and that, in any event, the allegations set forth at paragraph 67 are irrelevant and designed more to prejudice the Court against defendants-appellants. Let it suffice to say that defendants-appellants do not appreciate having to respond to a Rule 56.1 Statement that is not required or even appropriate on a modified de novo appeal such as this one.

52. Deny the allegations set forth at paragraph 68 and aver that (a) plaintiffs appellants did not argue IHO bias as a ground for appeal before the SRO; (b) plaintiffs appellants do not now seek to argue IHO bias as a ground for appeal; (c) plaintiffs-appellants largely won their 2005-2006 and 2006-2007 cases before the IHO; and (d) plaintiffs-appellants make reference to the IHO's "school district aligned" background, experience, and public statements to show that even he largely ruled for plaintiffs-

appellants and to further show that the SRO arbitrarily failed to give due weight and

deference to the IHO's fact findings.

53. Admit the allegations set forth at paragraph 69.

54. In response to the allegations set forth at paragraph 70, admit that the IHO

found for plaintiffs-appellants in full for all three prongs as to the 2005-2006 school year

claims, and found for plaintiffs-appellants as to Prongs I and II for their 2006-2007

school year claims.  As to the balance of the allegations, refer the Court to the IHO's

Decision and to the full record for its import.

55. Admit the allegations set forth at paragraph 71.

56. In response to the allegations set forth at paragraph 72, refer the Court to the

SRO's Decision, the IHO's Decision and to the full evidentiary record made at the

administrative level.

57. Deny the allegations set forth at paragraph 73.

58. In response to the allegations set forth at paragraphs 74 and 75, refer the Court

to the full evidentiary record made at the administrative level.

59. In response to the allegations set forth at paragraph 76, deny that it is a

"choice" for parents who have rearranged their work schedules to reschedule an IEP

where the school district tells them of the "choice" the morning of the IEP meeting.

60. In response to the allegations set forth at paragraph 77, aver that the "offer" to

reconvene the completed IEP meeting was sophistry and a futile act, inasmuch as in the

same letter, Dr. Mendelson enclosed the district's IEP.

61. Deny the allegations set forth at paragraph 78 and aver that, among other

procedural and substantive violations, the absence of the parent member under these

circumstances deprived M.R.'s parents of independent rights that they had to meaningful

participation in the IEP development process. The U.S. Supreme Court has recently held

that parents of children with disabilities have independent entitlements under IDEA that

correspond to their children's entitlements.

62. Admit the allegations set forth at paragraph 79 to the extent that they aver that

Dr. Bell was present and otherwise refer the Court to the full record.

63. In response to the allegations set forth at paragraph 80, refer the Court to the

full record made at the administrative level.

64. Deny the allegations set forth at paragraphs 81, 82, and 83 and refer to the full

record and to the IHO's fact findings.

65. Deny the allegations set forth at paragraph 84.

66. Deny the selective allegations of paragraph 85, and refer to the full record

made at the administrative level.

67. Deny the allegations set forth at paragraph 86, and refer to the full record and

to the IHO's fact-findings to the extent that they are to the contrary.

68. Admit, in response to the allegations set forth at paragraph 87, that the special

education teacher testified, but deny that the IHO accepted such testimony and aver that

the SRO should have deferred to the IHO's fact findings to the extent that they involved

consideration of reliability and credibility of witness testimony.

69. Deny the allegations set forth at paragraph 88, to the extent that they

erroneously suggest that the functioning level of the students in the proposed class were

similar, and aver that defendant has conveniently cherry picked one small facet of the

class while ignoring other evidence as to why the class and students were not appropriate for M.R. and refer the Court to the full record and to the IHO's fact findings.

70. Deny the allegations set forth at paragraph 89, refer the Court to the full record and to the IHO's fact findings, but not to the after-the-fact and impermissible Mendelson Affidavit that defendant-appellee seeks to inject into the record without authority or sanction.

71. Deny the allegations set forth at paragraph 90 and 91 and refer the Court to the full record made at the administrative level.

72. Admit the allegations set forth at paragraph 92, but refer the Court to the full record and to the IHO's fact findings.

73. In response to the allegations set forth at paragraph 93, refer the Court to the full record and to the IHO's fact findings.

74. Deny the allegations set forth at paragraphs 94 and 95 and aver that the proposed IEP was not "reasonably calculated" to provide M.R. with a meaningful educational benefit.

75. In response to the allegations set forth at paragraph 96, refer the Court to the full evidentiary record made at the administrative level, and to the IHO's fact findings.

76. In response to the allegations set forth at paragraph 97, admits that M.R. made meaningful progress in the Windward program, but nevertheless refers the Court to the full record, and to the IHO's fact findings.

77. Admit the allegations set forth at paragraphs 98 and 99, but refers the Court to the full record and to the IHO's fact findings.

78. Admit the allegations set forth at paragraph 100, but refers the Court to the full record and to the IHO's fact findings.

79. In response to the allegations set forth at paragraphs 101, 102, and 103, acknowledge only that defendant recommended a decrease in support but otherwise deny the balance of the allegations, and refer the Court to the full record made at the administrative level, as well as the IHO's fact findings.

80. Deny the allegations set forth at paragraph 104 and refer the Court to the underlying administrative record and to the IHO's fact findings.

81. Deny the allegations set forth at paragraph 105 to the extent that they allege that plaintiffs-appellants did not present evidence to establish that Windward, a school specializing in educating students with learning disabilities, was "reasonably calculated" to provide M.R., a student classified as learning disabled, with a meaningful educational benefit i.e. the somewhat more relaxed Prong II standard established by the Second Circuit.

82. Deny the allegations set forth at paragraphs 106 and 107 and aver that where, as here, there have been adjudicated Prong I violations for both school years, the Second Circuit's Decision in *Frank G.* makes clear that the parent's unilateral placement need not necessarily meet the same standards of "least restrictive environment" as school districts must meet for Prong I purposes. Moreover, the evidence at trial showed that the Windward student population, although learning disabled, is otherwise higher functioning.

83. In response to the allegations set forth at paragraph 108, admit that causation was not established, but it certainly is worth noting, however, that more than 50 of Windward's student body hail from Scarsdale.

84. In response to the allegations set forth at paragraphs 109 and 110, acknowledge (only) defendant's admission that its Superintendent, Dr. Michael McGill, sits on Windward's Board of Trustees, but denies defendant's allegations designed to "distance" Dr. McGill from the issue of Windward's appropriateness.

85. Admit the allegations set forth at paragraph 111.

86. Deny the allegations set forth at paragraph 112, and aver that the IHO found for plaintiffs-appellants on Prong III for the first year, and did not so find for the second year because of his erroneous legal conclusion that *during* the hearing, plaintiffs-appellants should have provided defendant with a second Windward observation.  There is no right of "discovery" in an impartial hearing.  The record and the IHO's decision show that plaintiffs-appellants put the issue to the IHO and stipulated to be bound by his directive, whatever it might be.  The IHO failed to give any direction when it was requested, but he then unfairly sanctioned plaintiffs-appellants with the ultimate sanction i.e. claim preclusion.  The IHO's other findings for the second school year show that but for the erroneous preclusion order, plaintiffs-appellants would have prevailed on the second year claims as well.

87. In response to the allegations set forth at paragraphs 113 and 114, refer the Court to the full record and to the IHO's findings and aver that not one of these allegations were relied upon by the IHO as part of his Prong III finding for purposes of the second school year claim.  The sole basis for the IHO's Prong III finding was

plaintiffs-appellants' position that during the hearing, unless the IHO thought otherwise,

it would not be appropriate for defendant-appellee to have yet *anothe*r Windward

observation.

88. In response to the allegations set forth at paragraph 115, plaintiffs-appellants

acknowledge that the Wall Street Journal article did not and could not adjudicate any bias

on the part of the SRO, but that such article nevertheless raised some very disturbing

allegations which, if true, would cause any litigant to be concerned.  On this appeal, we

simply ask that this Court find that the SRO should have given due weight and deference

to the fact findings of the IHO, and should not have substituted his own fact findings.


Dated:        July 30, 2008
              New York, New York


                                        MAYERSON & ASSOCIATES


                                        BY: *s/ Gary S. Mayerson*

                                        Gary S. Mayerson (GSM8413)
                                        330 West 38th Street, Suite 600
                                        New York, New York  10018
                                        (212) 265-7200