UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

R.R. and D.R. o/b/o M.R.,

                          Plaintiffs-Appellants,

    --against--

                                                          08 CV 0247 (BSJ) (FM)

SCARSDALE UNION FREE SCHOOL DISTRICT,

                                                           Hon. Barbara S. Jones

                       Defendant-Appellee.

-------------------------------------------------------------

**PLAINTIFFS-APPELLANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR A MODIFIED *DE NOVO* REVIEW**

                                                    Mayerson & Associates
                                                    Attorneys for Plaintiffs-Appellants
                                                    330 West 38th Street, Suite 600
                                                    New York, New York 10018
                                                    (212) 265-7200

## PRELIMINARY STATEMENT

This reply memorandum of law is respectfully submitted on behalf of plaintiffs-appellants M.R. ("M.") and her parents, D.R. and R.R. (the "R. Family"): (a) in further support of plaintiffs-appellants' in further support of their appeal from the SRO's September 24, 2007 Decision (Exh. A to Mayerson Affidavit) rejecting the IHO's fact-findings largely in plaintiffs-appellants' favor, and denying plaintiffs-appellants' Burlington/Carter claims for reimbursement in their *entirety* with respect to the 2005-2006 and 2006-2007 school years, and (b) in opposition to defendant–appellee's motion seeking to affirm the SRO's decision.[1]

As we have already submitted and, also, shall now show, this Court should reject each and every one of the arguments raised by defendant-appellee as being erroneous and unsupported by the record. This Court should give due deference to and reinstate the FAPE fact-findings of the IHO and conclude that defendant failed to offer M.R. a FAPE, and that M.R. and her parents amply met the Burlington/Carter test for tuition reimbursement relief for the 2005-2006 *and* 2006-2007 school years..

A. **Plaintiffs-Appellants Do Not Intend to File a Rule 56.1 Statement Unless This Court Specifically Rules That A Rule 56.1 Statement Is Required In An IDEA-Based Modified *De Novo* Review Such As This One**

We have shown in our principal submissions that the applicable standard of review in an IDEA-based appeal is controlled by 20 U.S.C.§. 1415(i)(2)(B) and Second Circuit precedent including M.S. v. Yonkers Board of Education, 231 F.3d 96, 102 (2d Cir. 2000); Frank G. v. Board of Educ. of Hyde Park, 459 F.3d (2d Cir. 2006) *cert denied*, 128 S.Ct. 436 (2007); and Gagliardo v. Arlington Central School District, 489 F.3d 105 (2d Cir. 2007). Essentially, the district court should engage in an independent review of the underlying administrative record

---

[1] This submission supplements plaintiffs-appellants' prior submissions.

made during the trial and make a determination based on a "preponderance of the evidence," after giving due weight to the fact findings of the hearing officer.

As a threshold matter, we respectfully submit that there is no Second Circuit authority holding that a Rule 56.1 statement is required or even appropriate in a case such as this one, where the trial has already occurred, and where the trier of fact has already come to a decision on the merits. The intent of a Rule 56.1 statement is to ferret out whether or not there are any material issues of disputed fact requiring a trial. That inquiry, we urge, is not particularly pertinent in an IDEA-based appeal such as this one, where the parties are not seeking a trial, but rather a review of the underlying administrative decision that was made by the trier of fact following the trial.

To the extent there is any Second Circuit authority on the issue, at the very least, it strongly suggests that a Rule 56.1 statement is neither required nor appropriate and that while defendant may characterize its motion as being one for "summary judgment," such is not the case.

In Lillbask v. Connecticut Dep't of Education, 397 F.3d 77, 83 M.3 (2d Cir. 2005), the Second Circuit noted that "though the parties [in an IDEA action] may *call* the procedure a 'motion for summary judgment,'....the procedure is in substance an appeal from an administrative determination, *not* a summary judgment." See also Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 892 M.31 (9th Cir. 1995); Wall v. Mattituck-Cutchogue Sch. District, 945 F. Supp. 501, 508 (E.D.N.Y. 1996)(holding that the court's "inquiry….is not directed to discerning whether there are disputed issue of fact…"); C.B. and R.B. o/b/o W.B. v. New York City Dep't of Education, 2005 U.S. Dist. LEXIS 15215 (E.D.N.Y. 2005)(denying

City's motion to dismiss, which had been based on student's alleged "failure" to have submitted a Rule 56.1 Statement).[2]

The courts are clear that an IDEA-based appeal action is different from a garden variety motion for summary judgment in that even the existence of disputed issues of fact will *not* defeat the motion. J.R. v. Bd. Of Education, 345 F. Supp. 2d 386, 394 (S.D.N.Y. 2004); C.B. v. NYCDOE, *supra*. Accordingly, any search for "disputed issues of fact remaining for trial" is not a useful exercise and would constitute the judicial equivalent of a "Snipe hunt."

In view of the applicable standard of review and the foregoing authorities, we ask this Court to rule as a threshold matter that there is no requirement that plaintiffs-appellants submit a Rule 56.1 Statement, either on their own accord or in "response" to defendant's Rule 56.1 Statement. To the extent, if at all, that this Court would rule to the contrary (i.e. that it considers a Rule 56.1 Statement as necessary in an action of this type), we would ask only that this Court give plaintiffs-appellants notice and a reasonable opportunity to make a supplemental submission consisting of a Rule 56.1 Statement.

**B.      Defendant-Appellee's July 31, 2008 Affidavit Is Unhelpful and Designed To Be Unduly Prejudicial**

Defendant-Appellee's Affidavit ("Affidavit") signed by Eric L. Gordon, Esq. is an attempt to unduly prejudice this Court as to the ministerial issues that are not pertinent. Furthermore, defendant-appellee misuses this "Affidavit" to make erroneous arguments and state erroneous legal conclusions. In an effort to complete the record, plaintiffs-appellants are compelled to submit a response. (See Affidavit of Jennifer M. Frankola).

---

[2] We disclose to this Court that there is one decision from the district court ruling that a Rule 56.1 Statement is required in an IDEA-based appeal, basing its decision on the merits on the premise—erroneous we contend—that the Court is then bound to accept "as true" all of the statements in the City's Rule 56.1 Statement. See T.Y. and K.Y. o/b/o T.Y. v. New York City Dept. of Educ., 07 CV 3199 (E.D.N.Y., July 2, 2008). This lone decision is now on appeal before the Second Circuit. In the case at bar, plaintiff-appellant has submitted *a response* to defendant's Rule 56.1 Statement under protest and in the abundance of caution to avoid risking a failure to comply with the rules or offend this Court's processes. Ostensibly, defendant is aware of the above cited authorities.

At the initial conference with Magistrate Maas, both parties discussed the nature of the submissions; that the submissions would take the form of a modified *de novo* review, and <u>not</u> as summary judgment motions as controlled by the Second Circuit authority, <u>Lillbask</u>. As discussed *infra*, <u>Lillbask</u> states that appeals to Federal Court from SRO decisions are not true motions for summary judgment, regardless of the label. These appeals are dispositive motions, but not motions for summary judgment, as the trial has already occurred. It should be noted, that such standard does not have its own procedure on the electronic court filing (ECF) system, leaving plaintiffs-appellants no choice but for to file their papers under "summary judgment" for lack of any other "closer" motion.

At all times, plaintiffs-appellants took the position that they were submitting their motion to be reviewed under a modified *de novo* review standard. It is apparent that defendant-appellee was aware of this by plaintiffs-appellants' initial submissions, during the conference in front of Judge Maas, and as indicated in subsequent letters to the Court. The procedurally-based charges set forth in defendant-appellee's affidavit are designed to unduly prejudice this Court and to provide an unhelpful, obfuscatory smokescreen to hide behind. At all times, plaintiffs-appellants have conformed with the Rules of this Court applicable to a modified *de novo* review, as per <u>Lillbask</u>.

## CONCLUSION

We hereby reiterate and respectfully request that this Court grant plaintiffs-appellants' motion for a modified *de novo* review and reinstate all of the IHO's *fact*-findings as to defendant-appellee's failure to provide a FAPE and the appropriateness of Windward. The record amply supports the IHO's findings and conclusions of law that, for both the 2005-2006 and 2006-2007 school years, Scarsdale deprived M.R. of a FAPE on Prong I and that Windward,

M.R.'s private placement, is both appropriate and reimbursable for Prong II purposes. This Court should rule that the SRO improperly glossed over and failed to give appropriate weight and deference to the IHO's fact findings and credibility determinations. M.V. v. Shenendehowa Cent. Sch. Dist., 2008 U.S. Dist. LEXIS 182 (N.D.N.Y. 2008).

The IHO, on the other hand, ruled properly in all respects, except for his erroneous legal conclusion that M.R.'s parents had engaged in "inequitable conduct" during the hearing sufficient to invoke a 100% Prong III preclusion sanction for the 2006-2007 school year. The conduct at issue was neither unreasonable not inequitable and even if it was (assuming *arguendo* only), it did not warrant a 100% preclusion sanction.

Accordingly, we respectfully request that this Court:

(a) reverse, as erroneous and contrary to law, the SRO's Decision;

(b) reinstate the IHO's decision as to the 2005-2006 and 2006-2007 school years, except as to the IHO's erroneous conclusion of law regarding the ostensible application of Prong III "equitable circumstances" to preclude the tuition reimbursement award that the IHO would have otherwise rendered for the 2006-2007 school year;

(c) declare that plaintiffs adequately met all three of the recognized prongs for tuition reimbursement relief for both the 2005-2006 and 2006-2007 school years;

(d) order that the defendant reimburse M.R. and her parents for the Windward tuition for the 2005-2006 and 2006-2007 school years;

(e) declare M.R. and her parents to be the "substantially prevailing party" (for purposes of IDEA's fee shifting provision);

(f) grant leave to plaintiffs to submit a fee application pursuant to the IDEA statute's fee-shifting provision; and

(g) grant plaintiffs such other, further and different relief as the Court may determine to be just pursuant to 20 U.S.C. Sec. 1415.

Dated: September 5, 2008
      New York, New York

                                         GARY S. MAYERSON (GSM 8413)
                                         Mayerson & Associates
                                         *Attorneys for Plaintiffs-Appellants*
                                         330 West 38th Street, Suite 600
                                         New York, New York 10018
                                         (212) 265-7200